**John CHAVOUS, Defendant Below–Appellant,**

**v.**

**STATE of Delaware, Plaintiff Below–Appellee.**

**No. 340, 2007.**

Supreme Court of Delaware.

Submitted: April 8, 2008.

Decided: June 26, 2008.

Robert M. Goff, Jr., Esquire, (argued) of the Office of the Public Defender, Wilmington, Delaware for appellant.

Kevin M. Carroll, Esquire, (argued) of the Department of Justice, Wilmington, Delaware for appellee.

Before HOLLAND, BERGER, and RIDGELY, Justices.

RIDGELY, Justice.

Defendant–Appellant John Chavous appeals the Superior Court's denial of his motion to withdraw his guilty plea to the charge of Robbery in the First Degree. Chavous argues that the Superior Court abused its discretion in denying his request because the State breached the plea agreement. The State contended before the Superior Court that Chavous breached the plea agreement.

In this Opinion, we apply the same standard of review for an alleged breach of a plea agreement by the State or a defendant and place responsibility on the trial court to determine whether a breach occurred. Because Chavous ultimately received the benefit of his plea agreement with the State, we find no abuse of discretion by the Superior Court in denying his motion to withdraw his guilty plea. Accordingly, we affirm.

## I. Facts

On December 19, 2005, the police arrested Chavous after finding him armed in the front passenger seat of a car that was reportedly involved in a robbery. Chavous was indicted, along with Idyll Allison and Mark Watson, in a thirteen count indictment for Robbery in the First Degree and related charges. Chavous was tried jointly with Allison. The jury found Chavous guilty of Possession of a Deadly Weapon by a Person Prohibited ("PDWBPP") and Second Degree Conspiracy, but it was unable to reach a verdict on the remaining charges. A new trial was scheduled.[1]

On September 26, 2006, Chavous and the State entered into a plea agreement. In exchange for Chavous's guilty plea on the robbery charge, the State agreed to dismiss the remaining charges against him and recommend four years incarceration and probation, the minimum sentences for both the robbery charge and the PDWBPP charge for which he was previously convicted. During his plea colloquy, Chavous told the Superior Court judge that he understood the first degree robbery charge against him, and he admitted to committing the offense. The trial judge was satisfied that Chavous's guilty plea was given freely, voluntarily, and intelligently. Although the State recommended, consistent with the plea agreement, a sentence of four years incarceration, the trial judge deferred sentencing and ordered a presentence investigation because of the seriousness of the charges.

Ten days later, Chavous filed a *pro se* request to withdraw his guilty plea to the robbery charge while he was still represented by counsel. Chavous claimed that he signed the plea agreement under threat, coercion, and distress. When the matter was set for sentencing on the PDWBPP and conspiracy convictions, Chavous asserted his innocence. He also claimed that he was naïve of the law and that it would be in his best interest to go to trial on the remaining charges. In response to Chavous, the State announced that it was no longer bound by the plea agreement and recommended five years on the PDWBPP charge. Defense counsel then joined in Chavous's motion to withdraw his guilty plea, claiming the State just breached the plea agreement when it recommended five years on the PDWBPP charge. The trial judge sentenced Chavous to three years at Level V, suspended after serving two years for one year at Level III probation on the PDWBPP charge and one year at Level V, suspended for one year at Level III on the conspiracy charge.[2] The trial judge deferred sentencing on the robbery charge to consider Chavous's request to withdraw his guilty plea.

After this sentencing, defense counsel and the prosecutor were directed to file written arguments on the motion to withdraw the guilty plea. The prosecutor, after reconsidering his earlier position, suggested that the Superior Court vacate its sentencing on the PDWBPP and conspiracy charges, address the motion to withdraw the guilty plea, and proceed to sentencing with the parties bound by the plea agreement if the motion to withdraw the guilty plea was denied. On June 15, 2007, the trial judge denied the motion to withdraw the guilty plea. Chavous was then sentenced on the First Degree Robbery charge in accordance with the original plea

---

1. Chavous's case was severed from Allison's for the purpose of the retrial. Allison's conviction was recently affirmed by this Court. *See Allison v. State*, 2008 WL 308230 (Del. Supr.).

2. A different judge presided over Chavous's first sentencing than over the trial and second sentencing hearing. The State did not make a recommendation on the conspiracy charge.

agreement to five years at Level V, suspended after three years, for one year at Level III probation. The trial judge vacated his earlier sentencing order on the PDWBPP charge and sentenced Chavous to the minimum sentence of one year at Level V, which was also in accordance with the original plea agreement.[3] Thus, Chavous received the benefit of his plea agreement with the State. This appeal followed.

## II. Discussion

■ Chavous argues that the trial judge abused his discretion in denying his request to withdraw his guilty plea on the robbery charge because the State failed to recommend the minimum sentence on the PDWBPP charge as specified in the plea agreement. "A motion to withdraw a guilty plea is addressed to the sound discretion of the trial court."[4] We review the denial of a request to withdraw a guilty plea for abuse of discretion.[5] Under Superior Court Criminal Rule 32(d), the defendant bears the burden to show that there is a fair and just reason to allow the withdrawal of a plea.[6]

In *Scarborough v. State*,[7] this Court explained that there are two typical remedies in the event the State breaches a plea agreement: "(1) the defendant may withdraw his guilty plea, or (2) the sentencing judge may specifically enforce the agreement and correct the defendant's sentence in accord with the plea agreement."[8] This Court added that "allowing the defendant to withdraw his guilty plea should be reserved for instances of grave prosecutorial misconduct."[9]

Chavous concedes that "there were no oral side agreements, no undisclosed terms of the plea bargain, and no discernable ambiguities in the obligations of the parties to the plea agreement." Rather, he argues that the State's act in changing the sentence recommendation on the PDWBPP charge was sufficient reason to permit him to withdraw his plea.

■ We begin by addressing the standard of review for an alleged breach of a plea agreement. In *Scarborough*, we explained that the analysis of an alleged breach of a plea agreement and any determination of the appropriate remedy for a breach rests on basic contract principles.[10] That is, we review the interpretation of a plea agreement *de novo* and any rulings

---

3. The trial judge also sentenced Chavous to one year at Level V, suspended for one year at Level III for the conspiracy conviction.

4. *Scarborough v. State*, 938 A.2d 644, 649 (Del.2007) ("*Scarborough I*") (quoting *Blackwell v. State*, 736 A.2d 971, 972 (Del.1999)).

5. *Blackwell*, 736 A.2d at 972; *accord Barnett v. State*, 2007 WL 1314664, at *1 (Del.Supr.); *Hartman v. State*, 2007 WL 38401, at *1 (Del. Supr.); *Lane v. State*, 2006 WL 3703683, at *1 (Del.Supr.).

6. Super. Ct.Crim. R. 32(d) provides in relevant part: "If a motion for withdrawal of a plea of guilty or nolo contendere is made before imposition or suspension of sentence or disposition without entry of a judgment of

conviction, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason."

7. 945 A.2d 1103 (Del.2008) ("*Scarborough II*").

8. *Id.* at 1115. *See also Romano v. State*, 2001 WL 366351, at *1 (Del.Supr.) ("The government's breach of a plea agreement is ordinarily remedied either by specific performance of the agreement or by allowing the defendant to vacate his guilty plea.").

9. *Scarborough II*, 945 A.2d at 1116 (citing *United States v. VanDam*, 493 F.3d 1194, 1206 (10th Cir.2007)).

10. *Id.* at 1111.

involving factual determinations with regard to that agreement for abuse of discretion.[11]

In *United States v. Williams*,[12] the United States Court of Appeals for the Third Circuit concluded that the same standard of review should apply in considering a breach of a plea agreement whether a defendant or the government is alleged to have breached it.[13] We agree. Whether a plea agreement has been breached is a matter for the trial judge to determine based upon a preponderance of the evidence.[14] A trial judge's finding that a party breached a plea agreement is a mixed question of law and fact that we review *de novo*.[15]

This case included applications by both Chavous and his counsel. Even so, as long as Chavous was represented by counsel, his *pro se* motion to withdraw his guilty plea was a legal nullity until it was endorsed by counsel.[16] Despite having no legal force, the prosecutor responded as though Chavous had breached the plea agreement. This response was premature not only because the *pro se* motion was a legal nullity, but also because it was for the trial judge—not the prosecutor—to determine whether there had been a breach, and if so, to craft the appropriate remedy.[17] Before making a sentencing recommendation inconsistent with its obligation under the plea agreement, the State should have moved for a determination

---

11.  *See generally id.; Cole v. State*, 922 A.2d 354, 359 (Del.2005) ("A trial judge's interpretation of contract language involves questions of law that this Court reviews *de novo* for legal error. Conversely, a trial judge's ruling concerning the existence or nonexistence of an oral contract is a question of fact that we review for an abuse of discretion.") (citations omitted).

12.  510 F.3d 416 (3d Cir.2007).

13.  *Id.* at 424.

14.  *See generally Scarborough II*, 945 A.2d at 1116 ("It is for [the court] to . . . determine and craft the appropriate remedy.").

15.  *See generally, e.g., Hunter v. State*, 783 A.2d 558, 561 (Del.2001) (explaining the two-fold standard of review for mixed questions of law and fact). To the extent that we examine the trial judge's legal conclusions, we review the trial judge's determinations *de novo* for errors in formulating or applying legal precepts. To the extent the trial judge's decision is based on factual findings, we review for whether the trial judge abused his discretion in determining whether there was sufficient evidence to support the findings and whether those findings were clearly erroneous. *See id.; see generally Woody v. State*, 765 A.2d 1257, 1261 (Del.2001) ("We review the trial court's refusal to grant the motion to suppress evidence under an abuse of discretion standard. Thus,

Woody's conviction can be reversed only if this Court finds the Superior Court's decision to be clearly erroneous.") (citations omitted); *accord Montgomery Cellular Holding Co., Inc. v. Dobler*, 880 A.2d 206, 219 (Del.2005) ("As long as the Court of Chancery has committed no legal error, its factual findings will not be set aside on appeal unless they are clearly wrong and the doing of justice requires their overturn."); *Cede & Co. v. Technicolor, Inc.*, 884 A.2d 26, 36 (Del.2005) (same); *Harris v. State*, 305 A.2d 318, 319 (Del.1973) (same); *Levitt v. Bouvier*, 287 A.2d 671, 673 (Del.1972) (same).

16.  *See* Super. Ct.Crim. R. 47 ("The court will not consider pro se applications by defendants who are presented by counsel unless the defendant has been granted permission to participate with counsel in the defense."); *In re Haskins*, 551 A.2d 65, 66 (Del.1988) (holding that a defendant does not have a right to hybrid representation).

17.  *See Scarborough II*, 945 A.2d at 1116 ("Although Scarborough moved to withdraw his guilty plea [based on his assumption that the State breached the plea agreement], the decision is not his to make."); *see also Williams*, 510 F.3d at 424 ("The question of a defendant's breach is not an issue to be determined unilaterally by the government.") (quoting *United States v. Ataya*, 864 F.2d 1324, 1329–30 (7th Cir.1988)).

that a breach had occurred and for leave to make a different sentencing recommendation.

█ Even considering the prosecutor's response as premature, we find no abuse of discretion in the trial judge's denial of the motion to withdraw the guilty plea. As explained in *Scarborough*, the alternative remedies are specific performance of the agreement or withdrawal of the guilty plea.[18] Withdrawal of the guilty plea is reserved for instances of grave prosecutorial misconduct,[19] a circumstance not present here.

The prosecutor himself suggested that the prior PDWBPP sentence be vacated, and the Superior Court did that so sentencing could proceed consistent with the plea agreement. Any procedural irregularity was harmless because of the trial judge's corrective action taken to enforce compliance with the plea agreement. Chavous ultimately received the benefit he bargained for in the plea agreement—the minimum sentence of four years incarceration. Accordingly, the trial judge did not abuse his discretion in denying Chavous's motion to withdraw his guilty plea.

### III. Conclusion

The judgment of the Superior Court is **AFFIRMED.**

---

18. *Scarborough II,* 945 A.2d at 1115.

19. *Id.* at 1116.