IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HARRY W. ANDERSON, | § | |
| | § | No. 505, 2013 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court of |
| | § | the State of Delaware in and for |
| v. | § | New Castle County |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | Cr. ID No. 1206018361 |
| Appellee. | § | |

Submitted: May 2, 2014
Decided: July 14, 2014

Before **STRINE**, Chief Justice, **BERGER** and **RIDGELY**, Justices.

## O R D E R

This 14th day of July 2014, upon consideration of the parties' briefs and the Superior Court record, it appears to the Court that:

(1) This is a direct appeal in a Superior Court criminal case. On February 14, 2014, the appellant, Harry W. Anderson, was granted leave to proceed *pro se* on appeal. Because Anderson's claims on appeal are related to two Court of Common Pleas ("CCP") criminal cases in which he was involved in 2012 and 2013, the Court has taken judicial notice of those cases and briefly summarized them below.

(2)     In the 2012 CCP case, Anderson was arrested on June 8, 2012 on charges of Resisting Arrest and Criminal Trespass in the Third Degree.[1] Anderson pled guilty to Resisting Arrest on September 13, 2012, but was allowed to withdraw the plea on December 4, 2012.  On February 21, 2013, the case was dismissed, and on June 6, 2013, a cell phone and other property seized from Anderson incident to his arrest were returned to him.[2]  In the 2013 CCP case, Anderson was arrested on August 6, 2013 on charges of Burglary in the Third Degree, Possession of a Burglary Tool, Misdemeanor Theft, and Criminal Mischief.[3]  The case was dismissed on September 23, 2013.[4]

(3)     In the Superior Court case from which this appeal arises, Anderson was arrested on June 22, 2012, and was indicted on September 24, 2012, on multiple counts of Felony Theft, Burglary in the Third Degree, and Criminal Mischief.  On January 24, 2013, after an extended colloguy, Anderson pled guilty to two counts of Burglary in the Third Degree.  In exchange the State dismissed the balance of the indictment, agreed to seek habitual offender sentencing on only one count, and recommend no more

---

[1] *See* docket, *State v. Anderson*, Del. Com. Pl., Cr. ID No. 1206005682.

[2] *Id.*

[3] *See* docket, *State v. Anderson*, Del. Com. Pl., Cr. ID No. 1301012923.

[4] *Id.*

than six years at Level V on that count. The parties further agreed to a presentence investigation.

(4) Thereafter, between April 10, 2013 and September 9, 2013, subsequent to his guilty plea but prior to his sentencing, Anderson filed a series of *pro se* letters, motions, and a habeas corpus petition. Generally, Anderson's *pro se* submissions sought a dismissal of the Superior Court charges because, according to Anderson, the evidence against him was the same evidence that, according to Anderson, was illegally seized in his 2012 and 2013 CCP cases.[5]

(5) Anderson's sentencing was held on September 20, 2013. At the outset of the sentencing proceeding, the Superior Court allowed Anderson to make an oral motion to withdraw his guilty plea. When asked to give his reasons for withdrawing the plea, Anderson asserted that he "was totally under duress" at the January 24, 2013 guilty plea proceeding because his

---

[5] Anderson's April 10, 2013 "motion to suppress by use of the exclusionary Rule and to dismiss" was referred to his defense counsel. Anderson's April 23, 2013 motion to suppress was referred to a Superior Court judge, who returned the motion with a "notice of noncompliance" indicating that an application for a postconviction remedy must be filed using a prescribed form, which was also provided. In letters filed on June 13 and June 19, 2013, Anderson complained that his defense counsel's refusal to file a motion to suppress and to take other action had left Anderson with no choice but to plead guilty. Anderson's June 2013 letters were followed by his unsuccessful habeas corpus petition on August 12, 2013, which sought a dismissal of the charges "for failure to indict in a timely fashion." Finally, on September 9, 2013, Anderson submitted another letter, which summarized, reiterated and expanded upon the issues raised in his prior letters, motions, and petition.

3

defense counsel had refused to file a motion to suppress and to take other action in support of his defense.[6] Anderson also asserted that withdrawal of the guilty plea was justified because his defense counsel had a conflict of interest.[7] After hearing from Anderson and his defense counsel, the Superior Court found that Anderson had given the guilty plea knowingly, intelligently, and voluntarily on January 24, 2013, and denied the motion to withdraw the guilty plea.[8]

(6) The Superior Court sentenced Anderson in accordance with the plea agreement. On one count of Burglary in the Third Degree, Anderson was declared a habitual offender and was sentenced to six years at Level V. On the other count of Burglary in the Third Degree, Anderson was sentenced to three years at Level V suspended for eighteen months at Level III probation. This appeal followed.

(7) On appeal, Anderson argues that the Superior Court's denial of his motion to withdraw the guilty plea was an abuse of discretion. Anderson argues that withdrawal of the plea was justified because he was not indicted within forty-five days of his arrest, and because the evidence relied upon was derived from the 2012 CCP case, which was dismissed. Anderson also

---

[6] H'rg Tr. at 7 (Sept. 20, 2013).

[7] *Id.* at 10.

[8] *Id.* at 9-10.

argues that the plea agreement was invalid because it was improperly altered to include restitution related to a burglary charge in the 2013 CCP case, which was also dismissed. Finally, Anderson contends that the guilty plea was involuntary because he was coerced into pleading guilty by his defense counsel, who had a conflict of interest.

(8) We review the denial of a motion to withdraw a guilty plea for abuse of discretion.[9] Under Superior Court Criminal Rule 32(d), a defendant has the burden of showing a "fair and just reason" to withdraw a guilty plea.[10] The Superior Court should permit the withdrawal of a guilty plea only if the court determines that "the plea was not voluntarily entered or was entered because of misapprehension or mistake of defendant as to his legal rights."[11]

(9) In this case, we have carefully reviewed the parties' briefs and the Superior Court record, including the transcripts of the guilty plea proceeding on January 24, 2013, and the hearing on the motion to withdraw the guilty plea on September 20, 2013. The transcript of the guilty plea proceeding reflects that Anderson clearly and unequivocally admitted that he

---

[9] *Chavous v. State*, 953 A.2d 282, 285 (Del. 2008).

[10] Del. Super. Ct. Crim. R. 32(d).

[11] *Scarborough v. State*, 938 A.2d 644, 650 (Del. 2007) (quoting *State v. Insley*, 141 A.2d 619, 622 (Del. 1958)).

committed the offenses of Burglary in the Third Degree.[12] Anderson that he had discussed his plea agreement and the truth-in-sentencing guilty plea form with his defense counsel, and that his defense counsel had answered all of his questions and had advised him of his legal rights.[13] Anderson also said that he was satisfied with his defense counsel's representation.[14] Finally, Anderson said he was entering into the plea agreement of his own free will,[15] and said that no one had threatened or coerced him to accept the plea.[16]

(10) From our review of the record, we can discern no basis upon which to conclude that Anderson's guilty plea was not voluntarily entered or was entered because of Anderson's misapprehension or mistake as to his legal rights. Moreover, because a knowing and voluntary guilty plea waives any defenses a defendant might have had, we conclude that Anderson's challenges to the sufficiency of the evidence, the legality of the search, and the timeliness of the indictment are without merit. [17]

---

[12] Hr'g Tr. at 12 (Jan. 24, 2013).

[13] *Id.* at 9-10.

[14] *Id.* at 14.

[15] *Id.* at 13.

[16] *Id.*

[17] *See Powell v. State*, 2010 WL 572129 (Del. Feb. 18, 2010) (citing *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003)).

6

(11) Anderson's claims that his defense counsel had a conflict of interest and that he was improperly required to pay restitution on a burglary charge in the 2013 CCP case are also without merit. Those claims, and the others raised in Anderson's numerous *pro se* letters, motions and petition, suggest that, as his 2012 and 2013 CCP cases evolved, Anderson began to have second thoughts about his decision to plead guilty in his Superior Court case on January 24, 2013. Having second thoughts about accepting a plea agreement, however, does not constitute a "fair and just reason" for withdrawing a guilty plea.[18]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice

---

[18] *Russell v. State*, 1999 WL 507303 (Del. June 2, 1999).