IN THE SUPREME COURT OF THE STATE OF DELAWARE

MICHAEL SELBY,  §
 §
  Defendant Below-  § No. 114, 2014
  Appellant,  §
 §
  v.  § Court Below—Superior Court
 § of the State of Delaware,
STATE OF DELAWARE,  § in and for New Castle County
 § Cr. ID No. 1202018860
  Plaintiff Below-  §
  Appellee.  §

Submitted: July 30, 2014
Decided: September 9, 2014

Before **HOLLAND**, **RIDGELY**, and **VALIHURA**, Justices.

## **O R D E R**

This 9th day of September 2014, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1) On December 11, 2012, the appellant, Michael Selby, pled guilty to Assault in the First Degree and Possession of a Firearm During the Commission of a Felony. Although not reflected on the docket, Selby appears to have submitted a *pro se* motion to withdraw his guilty plea in January 2013. On March 7, 2013, Selby's counsel filed a motion to withdraw the guilty plea and to withdraw as counsel. The Superior Court denied the motion on April 25, 2013. New counsel was assigned to represent Selby and filed a motion to withdraw the guilty plea on

July 19, 2013. The Superior Court denied the second motion to withdraw the guilty plea on October 15, 2013, finding there was no procedural default in the plea proceedings, Selby knowingly and voluntarily entered the plea, his assertion of innocence was contrary to his statements at the plea colloquy and the evidence, his counsel advocated for him, and allowing withdrawal of the plea would result in a trial years after the shooting that led to the charges and prejudice the State. On January 31, 2014 Selby was sentenced as follows: (i) for Assault in the First Degree, fifteen years of Level V incarceration, suspended after seven years for decreasing levels of supervision; and (ii) for Possession of a Firearm During the Commission of a Felony, three years of Level V incarceration. This is Selby's direct appeal.

(2) On appeal, Selby's counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)"). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Counsel informed Selby of the provisions of Rule 26(c) and provided Selby with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Selby of his right to identify any points he wished this Court to consider on appeal. Selby has raised several issues for this Court's consideration. The State has responded to the issues raised by Selby and asked this Court to affirm the Superior Court's judgment.

(3) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(4) On appeal, Selby argues that the Superior Court erred in denying his motions to withdraw his guilty plea because his guilty plea was coerced and involuntary. In support of this argument, Selby claims that: (i) the transcript of the plea hearing reflects a pause during which he told his counsel that he did not want to accept the plea and his counsel told him not to say anything; (ii) the Superior Court judge who accepted his guilty plea prefers pleas to trials; and (iii) the yes and no boxes on the Truth-In-Sentencing Guilty Plea form asking if anyone had threatened or forced him to enter the plea were not marked. Selby also claims that his plea agreement was not fulfilled.

(5) We review the Superior Court's denial of Selby's motion to withdraw his guilty plea for abuse of discretion.[2] Upon moving to withdraw his guilty plea, Selby had the burden of establishing a fair and just reason to permit withdrawal of

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

[2] *Chavous v. State*, 953 A.2d 282, 285 (Del. 2008).

the plea.[3]  Withdrawal of the plea should only be permitted "where the judge determines 'the plea was not voluntarily entered or was entered because of misapprehension or mistake of defendant as to his legal rights.'"[4]

(6)     The transcript of the plea colloquy reflects that Selby told the Superior Court he freely and voluntarily pled guilty to the charges listed in the plea agreement, he was pleading guilty because he was guilty, nobody threatened or forced him to accept the guilty plea, he understood the consequences of pleading guilty, he had sufficient time to discuss the case, possible defenses, and the plea agreement with his counsel, and he was satisfied with his counsel's representation. Similarly, Selby indicated in the Truth-In-Sentencing Guilty Plea form that he had freely and voluntarily decided to plead guilty and that he understood he was waiving certain rights as a result of pleading guilty.  Absent clear and convincing evidence to the contrary, Selby is bound by these representations.[5]

(7)     Selby's claims of coercion are without merit.  First, there is no indication in the plea colloquy transcript that Selby told his counsel that he did not wish to accept the guilty plea during the plea colloquy.  Selby's responses to the Superior Court's questions during the plea colloquy are contrary to such a claim.

---

[3] Super. Ct. Crim. R. 32(d).

[4] *Scarborough v. State*, 938 A.2d 644, 650 (Del. 2007) (quoting *State v. Insley*, 141 A.2d 619, 622 (Del. 1958)).

[5] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

This claim is also contrary to Selby's contention in his July 17, 2013 motion to withdraw that he chose to plead guilty because he did not believe his counsel was prepared for trial and he intended to withdraw his guilty plea later. Second, Selby claims that the Superior Court judge who accepted his guilty plea prefers guilty pleas to trials, but cites nothing in the record to suggest that the judge pressured him to plead guilty rather than proceed to trial. Third, while the yes and no boxes on the Truth-In-Sentencing Guilty Plea form asking if anyone had threatened or forced Selby to enter the plea were not marked, the Superior Court asked Selby during the plea colloquy if anyone threatened or forced him to accept the plea and he stated no. The record establishes that Selby entered his guilty plea voluntarily and was not operating under any misapprehension or mistake regarding his legal rights. Under the circumstances, the Superior Court did not err in denying Selby's motions to withdraw his guilty plea.

(8) Finally, Selby contends that his plea agreement has not been fulfilled. Selby was originally charged with Attempted Murder in the First Degree, Robbery in the First Degree, Conspiracy in the Second Degree, Possession of a Deadly Weapon by a Person Prohibited and two counts of Possession of a Firearm During the Commission of a Felony. Pursuant to the plea agreement, Selby pled guilty to Assault in the First Degree as a lesser included offense of Attempted Murder in the First Degree and Possession of a Firearm During the Commission of a Felony and

5

the State entered a *nolle prosequi* on the remaining charges. The parties requested a pre-sentence investigation which was available to the Superior Court before sentencing. Selby provides no details or explanation concerning how his plea agreement has allegedly been unfulfilled. Accordingly, this claim is without merit.

(9)     This Court has reviewed the record carefully and has concluded that the remainder of Selby's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Selby's counsel has made a conscientious effort to examine the record and the law and has properly determined that Selby could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Randy J. Holland*
Justice

6