IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CURTIS BENN, | § | |
| | § | |
| Defendant Below- | § | No. 400, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID No. 1207012970 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: December 22, 2014
Decided: January 23, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

**O R D E R**

This 23rd day of January 2015, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1) On June 14, 2013, the appellant, Curtis Benn, pled guilty to Sex Offender Unlawful Sexual Conduct with a Child and Failure to Properly Register as a Sex Offender. On July 26, 2013 Benn filed a *pro se* motion to withdraw his guilty plea. On October 4, 2013 and February 7, 2014, the Superior Court ordered a psychiatric evaluation of Benn to determine his mental competency to enter a guilty plea. Through new counsel, Benn filed a motion to withdraw his guilty plea on March 17, 2014.

(2) After a hearing on June 27, 2014, the Superior Court denied Benn's motion to withdraw his guilty plea. The Superior Court proceeded to sentence Benn as follows: (i) for Sex Offender Unlawful Sexual Conduct with a Child, effective July 15, 2012, one year, eleven months, and eighteen days of Level V incarceration (time served); and (ii) for Failure to Properly Register as a Sex Offender, two years of Level V incarceration, suspended for two years of Level IV probation, suspended after six months for eighteen months of Level III probation. This is Benn's direct appeal.

(3) On appeal, Benn's counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)"). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Counsel informed Benn of the provisions of Rule 26(c) and provided Benn with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Benn of his right to identify any points he wished this Court to consider on appeal. Benn has raised several issues for this Court's consideration. The State has responded to the issues raised by Benn and asked this Court to affirm the Superior Court's judgment.

(4) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii)

2

must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(5) The issues Benn raises on appeal may be summarized as follows: (i) the Superior Court erred in denying his motion to withdraw his guilty plea because DNA evidence proved he was innocent, he had a history of mental illness and was on prescription medication at the time of his guilty plea, a mental competency evaluation should have been performed before his guilty plea, he wanted to be home with his sick mother, and his counsel coerced him into accepting the plea; (ii) there were multiple hearing dates and postponements of his trial dates in violation of his due process rights; and (iii) his counsel was ineffective.

(6) We review the denial of a motion to withdraw a guilty plea for abuse of discretion.[2] The defendant bears the burden of showing a fair and just reason to permit withdrawal of his plea.[3] In evaluating whether to grant a motion to withdraw a guilty plea, the Superior Court must address: (i) whether there was a procedural defect in taking the plea; (ii) whether the defendant voluntarily entered the plea; (iii) whether the defendant had a basis to assert legal innocence; (iv)

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

[2] *Chavous v. State*, 953 A.2d 282, 285 (Del. 2008).

[3] Super. Ct. Crim. R. 32(d).

whether the defendant had adequate legal counsel; and (v) whether granting the motion would prejudice the State or unduly inconvenience the court.[4]

(7) The transcript of the hearing on Benn's motion to withdraw his guilty plea reflects that the Superior Court properly considered all five factors in denying the motion. As the Superior Court recognized, Benn's claims of innocence, coercion, and dissatisfaction with counsel were contrary to his representations during the guilty plea colloquy. The transcript of the plea colloquy reflects that Benn told the Superior Court it was his decision to plead guilty to Unlawful Sexual Conduct with a Child and Failure to Properly Register as a Sex Offender, nobody was forcing him to plead guilty, he understood that he was waiving trial and appellate rights, he was guilty of both of the offenses, he and his counsel reviewed the Truth-In-Sentencing Guilty Plea form line by line, he was satisfied with his counsel, and he had no complaints or problems to raise with the Superior Court. Benn is bound by his answers during the guilty plea colloquy absent clear and convincing evidence to the contrary.[5]

(8) Contrary to Benn's contention, DNA evidence ruling him out as a contributor to semen found on his stepdaughter's blanket does not prove he was innocent of exposing himself to his stepdaughter (the conduct identified in the re-

---

[4] *Scarborough v. State*, 938 A.2d 644, 649 (Del. 2007).

[5] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

indictment for the charge of Sex Offender Unlawful Sexual Conduct with a Child) or Failure to Properly Register as a Sex Offender. As to Benn's mental health, the Superior Court noted that although the Delaware Psychiatric Center ("DPC") indicated it was difficult to evaluate someone's past mental competence, the DPC did not believe Benn's psychiatric symptoms or cognitive limitations unduly influenced his decision to enter a guilty plea. Benn indicated in the Truth-In-Sentencing Guilty Plea form that he had never been a patient in a mental hospital and that he was not under the influence of alcohol or drugs. There is no clear and convincing evidence that Benn's mental health or prescription medications made him incapable of entering a knowing, intelligent, and voluntary guilty plea. We therefore conclude that the Superior Court did not err in denying Benn's motion to withdraw his guilty plea.

(9) Benn next claims that multiple hearing dates and postponements of his trial dates violated his due process rights. A voluntary guilty plea constitutes a waiver of any alleged errors or defects occurring before the entry of the plea.[6] Because the record reflects that Benn's guilty plea was voluntary, he waived claims based on errors occurring before the entry of his plea. Finally, Benn claims his counsel was ineffective. We will not consider ineffective assistance of counsel

---

[6] *Downer v. State*, 543 A.2d 309, 312-13 (Del. 1988).

claims for the first time on direct appeal when those claims have not been decided on the merits by the Superior Court.[7]

(10) This Court has reviewed the record carefully and has concluded that the remainder of Benn's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Benn's counsel has made a conscientious effort to examine the record and the law and has properly determined that Benn could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

_____
Justice

---

[7] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).