IN THE SUPREME COURT OF THE STATE OF DELAWARE

VINCENT STALLINGS, § 
§ No. 10, 2015
Defendant Below, §
Appellant, § Court Below: Superior Court
§ of the State of Delaware in and
v. § for New Castle County
§
STATE OF DELAWARE, § Cr. ID No.   1209008698A
§
Plaintiff Below, §
Appellee. §

Submitted: April 16, 2015
Decided:    June 30, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

# O R D E R

This 30th day of June 2015, upon careful consideration of the appellant's brief under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1)    In January 2014, the appellant, Vincent Stallings, was indicted on a number of charges including two counts of Murder in the First Degree, two counts of Robbery in the First Degree, one count of Attempted Robbery in the First Degree, and five counts of Possession of a Firearm During the Commission of a Felony ("PFDCF").  The charges arose from robberies committed by Stallings and two co-defendants in April and September 2012.  In the robbery of a convenience

store on September 12, 2012, the store clerk was shot and killed by a robber wearing a black mask.

(2)     On June 20, 2014, four days before jury selection was to begin, Stallings pled guilty to single counts of Murder in the First Degree, Robbery in the First Degree, and PFDCF.  Sentencing was deferred until after the presentence investigation.

(3)     On August 13, 2014, Stallings, through his defense counsel, moved to withdraw the guilty plea.  On August 20, 2014, Stallings supplemented the motion with a *pro se* submission.  By order dated August 25, 2014, the Superior Court denied the motion to withdraw guilty plea and *pro se* submission, finding that the motion was "almost entirely conclusory" and the submission was "borderline frivolous."[1]  The Superior Court allowed for a renewed motion to withdraw guilty plea from defense counsel and another *pro se* submission from Stallings upon receipt of the plea colloquy transcript.[2]

(4)     On October 21, 2014, Stallings filed a *pro se* supplemental motion to withdraw the guilty plea.  On October 23, 2014, defense counsel filed a letter advising the Superior Court that they could not in good faith submit a renewed motion to withdraw guilty plea because there was nothing in the record to support Stallings' request to withdraw the plea.  On December 14, 2014, the State filed a

---

[1] *State v. Stallings*, 2014 WL 4948261, at *1 (Aug. 25, 2014).
[2] *Id.*, at *2.

2

response in opposition to Stallings' *pro se* supplemental motion to withdraw the guilty plea.

(5)     On December 19, 2014, prior to sentencing, the Superior Court denied Stallings' *pro se* supplemental motion to withdraw the guilty plea.  From the bench, the Superior Court ruled:

> The Court is satisfied that the supplemental motion to withdraw adds very little, if anything, to the original motion.  And the transcript of the plea colloquy tends to confirm that the plea was knowing, voluntary and intelligent.  Accordingly, the Court is standing by its original denial of the motion to withdraw guilty plea, and the supplemental motion is denied.[3]

The Superior Court then sentenced Stallings to life in prison for the first degree murder conviction, to twenty-five years at Level V for PFDCF, and to three years at Level V for first degree robbery.  This is Stallings' direct appeal.

(6)     On appeal, Stallings' defense attorneys have filed a brief and a motion to withdraw under Supreme Court Rule 26(c).  His attorneys assert that, based upon a complete and careful examination of the record, there are no arguably appealable issues.  The defense attorneys provided Stallings with a copy of the motion to withdraw and accompanying brief and informed Stallings of his right to supplement their presentation.  Stallings did not submit any points for the Court's

---

[3] Hr'g Tr. at 3 (Dec. 19, 2014).

3

consideration. The State has responded to the position taken by Stallings' counsel and has moved to affirm the Superior Court's judgment.

(7) When reviewing a motion to withdraw and an accompanying brief under Supreme Court Rule 26(c), the Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[4] The Court must also conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[5]

(8) This Court reviews the denial of a motion to withdraw a guilty plea for abuse of discretion.[6] In this case, the Court finds no abuse of discretion in the Superior Court's denials of the motion to withdraw the guilty plea with *pro se* submission and Stallings' *pro se* supplemental motion to withdraw the guilty plea. The record reflects that Stallings entered into the guilty plea voluntarily and without mistake or apprehension of his legal rights.[7]

(9) Having conducted "a full examination of all the proceedings" and found "no nonfrivolous issue for appeal,"[8] the Court concludes that this appeal is

---

[4] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[5] *Penson v. Ohio*, 488 U.S. at 81.

[6] *Chavous v. State*, 953 A.2d 282, 285 (Del. 2008).

[7] *Scarborough v. State*, 938 A.2d 644, 650 (Del. 2007).

[8] *Penson v. Ohio*, 488 U.S. 75, 80 (1988).

4

"wholly without merit."[9]  The Court is satisfied that Stallings' defense counsel made a conscientious effort to examine the record and the law and properly determined that Stallings could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[9] Del. Supr. Ct. R. 26(c).