IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SAMUEL K. JACKSON, | § | |
| | § | |
| Defendant Below, | § | No. 542, 2015 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 13120006829A |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 9, 2016
Decided: April 4, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

**O R D E R**

This 4th day of April 2016, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1)　In February 2014, Samuel K. Jackson was indicted by information for one count each of Assault in the First Degree, Assault in the Second Degree, Burglary in the First Degree, and two counts of Possession of a Deadly Weapon During Commission of a Felony ("PDWDCF"). The charges arose from Jackson stabbing a friend. The Superior Court granted Jackson's motion for a mental health examination at the Delaware Psychiatric Center ("DPC"), but later vacated

the order at the request of Jackson's counsel when the Public Defender's Office decided to retain an outside expert for the examination.

(2) On October 24, 2014, Jackson pled guilty, but mentally ill, to two counts of Assault in the Second Degree, one count of Burglary in the First Degree, and one count of PDWDCF. The defense expert's report in support of the guilty, but mentally ill, plea was submitted to the Superior Court. The State entered a *nolle prosequi* on the other PDWDCF charge and agreed to seek habitual offender sentencing on only one of the Assault in the Second Degree charges. The guilty plea also resolved violation of probation charges against Jackson in another matter.

(3) On November 6, 2014, Jackson filed a *pro se* motion to withdraw his guilty plea. Jackson sought to withdraw his plea on the grounds that he was hearing voices when the plea was offered, his trial counsel forced him to plead guilty despite his knowledge of Jackson's mental illness, and he wanted to go to trial because he was innocent. In response to the Superior Court's request for his position, Jackson's trial counsel indicated that he was aware of Jackson's wish to withdraw his guilty plea and requested a hearing on Jackson's motion.

(4) The Superior Court ordered the DPC to evaluate Jackson's competency to stand trial and competency at the time of his guilty plea. The DPC later submitted a report to the Superior Court. A hearing on Jackson's motion to

withdraw his guilty plea was held on July 29, 2015. In a letter order dated July 29, 2015, the Superior Court denied the motion.

(5) On September 11, 2015, the Superior Court sentenced Jackson. Jackson was sentenced as a habitual offender on one of the Assault in the Second Degree charges and was sentenced to a total of forty-one years of Level V incarceration, with credit for time served, suspended after twenty-five years for decreasing levels of supervision. This appeal followed.

(6) On October 7, 2015, Jackson's counsel ("Counsel") filed a notice of appeal. Counsel filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)"). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Jackson of the provisions of Rule 26(c) and provided Jackson with a copy of the motion to withdraw and the accompanying brief.

(7) Counsel also informed Jackson of his right to identify any points he wished this Court to consider on appeal. Jackson has raised several issues for this Court's consideration. The State has responded to the issues raised by Jackson and asked this Court to affirm the Superior Court's judgment.

(8) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii)

3

conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(9) Jackson first appears to argue that he could not be prosecuted or convicted because the stabbing victim wanted all of the charges against Jackson to be dismissed. Jackson submits a letter, dated July 24, 2015, from the stabbing victim in support of this claim. In the letter, the stabbing victim asked that the charges be dropped because he and Jackson were longtime friends and Jackson's attack was out of character. This claim was not raised in the Superior Court so we review for plain error.[2] "[T]he doctrine of plain error is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[3]

(10) During his guilty plea colloquy with the Superior Court, Jackson stated that he was guilty of Assault in the Second Degree, Burglary in the First Degree, and PDWDCF. In his letter, the stabbing victim asked that the charges against Jackson be dropped, but did not dispute that Jackson attacked him. Jackson cites no authority in support of his contention that the State could not prosecute

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).
[2] Supr. Ct. R. 8; *Small v. State*, 51 A.3d 452, 456 (Del. 2012).
[3] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

him or that he could not plead guilty to the charges because the victim forgave him and asked that the charges be dropped. There is no plain error here.

(11) Jackson next appears to claim that he is entitled to relief because he suffers from schizophrenia and bipolar disorder, he has been admitted to mental hospitals, he hears voices and was on suicide watch, and he takes multiple prescriptions for his mental health. We construe this claim as a challenge to the Superior Court's denial of Jackson's motion to withdraw his guilty plea. This Court reviews the denial of a motion to withdraw a guilty plea for abuse of discretion.[4] The defendant bears the burden of showing a fair and just reason to permit withdrawal of his plea.[5] In evaluating whether to grant a motion to withdraw a guilty plea, the Superior Court must address whether: (i) there was a procedural defect in taking the plea; (ii) the defendant voluntarily entered the plea; (iii) the defendant had a basis to assert legal innocence; (iv) the defendant had adequate legal counsel; and (v) granting the motion would prejudice the State or unduly inconvenience the court.[6]

(12) The letter order denying Jackson's motion to withdraw his guilty plea reflects that the Superior Court properly considered all five factors in denying Jackson's motion to withdraw his guilty plea. As the Superior Court recognized,

---

[4] *Chavous v. State*, 953 A.2d 282, 285 (Del. 2008).
[5] Super. Ct. Crim. R. 32(d).
[6] *Scarborough v. State*, 938 A.2d 644, 649 (Del. 2007).

5

Jackson's mental health was a well-known issue throughout the case. At Jackson's guilty plea hearing, his counsel informed the Superior Court that the Public Defender Office's psycho-forensic evaluator had evaluated Jackson that morning and believed he was competent, while noting that he did hear voices and have suicidal ideation. The Superior Court reviewed the guilty plea colloquy and emphasized the following exchange:

THE COURT: So as the pastor says, if you've got any headaches, problems, issues or complaints with your lawyer, his staff; with the people who have assisted him; with the psychiatrist that made these recommendations; with the prosecutor; with the police; with your family; with the judge, with anybody on Earth, if you've got any complaints, headaches or problems that get in the way of you entering this plea today, we've got to talk about it now or forget about it in the future. Speak now or forever hold your peace. Do you have any complaints, headaches or issues that get in the way of you entering this plea today?

DEFENDANT: No.

THE COURT: You're asking me to accept the plea?

DEFENDANT: Yeah.

THE COURT: Knowing the consequences are 12 to life?

DEFENDANT: Yes.[7]

---

[7] Letter at 4, *State v. Jackson*, Cr. ID No. 1312006829 (Del. Super. Ct. July 29, 2015) (quoting October 24, 2014 transcript, which appears at A27-A28 of the Appendix to the Opening Brief under Rule 26(c)).

(13) The Superior Court also reviewed the defense expert's opinion that Jackson's auditory hallucinations did not rise to the level of an insanity defense, but that Jackson met the standard for a guilty, but mentally ill, and the evaluation of the DPC that Jackson's mental health issues were primarily problematic personality traits and a history of substance abuse. The DPC evaluation also opined that Jackson was competent to stand trial and was competent at the time of his guilty plea. Based upon the record, including the mental health reports and guilty plea colloquy, the Superior Court did not err in denying Jackson's motion to withdraw his guilty plea.

(14) Jackson next argues that it was stipulated that he would receive no more than twelve years of Level V incarceration when he pled guilty. This claim is contrary to the terms of the Truth-in-Sentencing Guilty Plea Form and Jackson's guilty plea colloquy. In the Truth-in-Sentencing Guilty Plea Form that Jackson signed, the total consecutive maximum penalty is listed as a minimum of twelve years and a maximum of life incarceration. During the guilty plea colloquy, Jackson stated that he understood he could be sentenced from twelve years up to life imprisonment and that nobody had promised him a particular sentence. Absent clear and convincing evidence to the contrary, which he has not identified, Jackson is bound by these representations.[8]

---

[8] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

(15)   Finally, Jackson contends that his trial counsel was ineffective.  This Court will not review claims of ineffective assistance of counsel for the first time on direct appeal.[9]

(16)   Having carefully reviewed the record, we conclude that Jackson's appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Jackson could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:
/s/ Leo E. Strine, Jr.
Chief Justice

---

[9] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).