# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIAM O. BARKSDALE, | § | |
| | § | |
| Defendant Below, | § | No. 583, 2015 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware, |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1403019776 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 24, 2016
Decided: April 6, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## O R D E R

This 6th day of April 2016, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1)    In July 2014, the appellant, William O. Barksdale, was indicted on multiple drug and weapon offenses. On May 5, 2015, Barksdale pled guilty to Drug Dealing (Tier 4) and Possession of a Firearm by a Person Prohibited ("PFBPP"). Barksdale also agreed that he was a habitual offender under 11 *Del. C.* § 4214(a). The State agreed to enter a *nolle prosequi* on the remaining charges, not to pursue criminal charges against Barksdale in two other matters, and to cap its recommendation for non-suspended Level V time to twenty years.

(2)     On May 15, 2015, Barksdale filed a *pro se* motion to withdraw his guilty plea, which was forwarded to his counsel ("Former Counsel"). On May 27, 2015, Barksdale filed a motion to participate in his defense with Former Counsel. On May 29, 2015, Former Counsel filed a motion to withdraw Barksdale's guilty plea and a motion to withdraw as counsel. The Superior Court granted Former Counsel's motion to withdraw. New counsel ("Counsel") was appointed to represent Barksdale.

(3)     After the State responded to the motion to withdraw the guilty plea and a hearing, the Superior Court denied the motion to withdraw on September 14, 2015. The Superior Court issued a written opinion on September 21, 2015.[1] On October 8, 2015, Barksdale was sentenced as follows: (i) for Drug Dealing, as a habitual offender under 11 *Del. C.* § 4214(a), to twenty years of Level V incarceration; and (ii) for PFBPP, fifteen years of Level V incarceration, suspended after ten years for decreasing levels of supervision.

(4)     On October 28, 2015, Counsel filed a notice of appeal. Counsel filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)"). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Barksdale of the

---

[1] *State v. Barksdale*, 2015 WL 5676895 (Del. Super. Ct. Sept. 21, 2015).

provisions of Rule 26(c) and provided Barksdale with a copy of the motion to withdraw and the accompanying brief.

(5) Counsel also informed Barksdale of his right to identify any points he wished this Court to consider on appeal. Barksdale has raised multiple issues for this Court's consideration. The State has responded to the issues raised by Barksdale and asked this Court to affirm the Superior Court's judgment.

(6) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2] The points Barksdale raises on appeal fall into the following categories: (i) his guilty plea was not knowing, intelligent, and voluntary; (ii) his Former Counsel was ineffective; (iii) the State committed discovery violations and misspoke at sentencing; and (iv) his co-defendants were more culpable than him, their statements were conflicting, and they only implicated him due to coercion or favorable plea offers.

(7) As he did in the Superior Court, Barksdale argues that his guilty plea was not knowing, intelligent, and voluntary because Former Counsel and the State

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

coerced him into pleading guilty. This Court reviews the denial of a motion to withdraw a guilty plea for abuse of discretion.[3] The defendant bears the burden of showing a fair and just reason to permit withdrawal of his plea.[4] In evaluating whether to grant a motion to withdraw a guilty plea, the Superior Court must address whether: (i) there was a procedural defect in taking the plea; (ii) the defendant voluntarily entered the plea; (iii) the defendant had a basis to assert legal innocence; (iv) the defendant had adequate legal counsel; and (v) granting the motion would prejudice the State or unduly inconvenience the court.[5]

(8) The September 21, 2015 opinion reflects that the Superior Court properly considered all five factors in denying Barksdale's motion. Barksdale admitted there was no procedural defect in the taking of the plea.[6] As to Barksdale's claims of coercion, the Superior Court carefully reviewed the events that led to the guilty plea, Barksdale's representations during the guilty plea colloquy, and the documents supporting the guilty plea and concluded that Barksdale's plea was knowing and voluntary.[7] Absent clear and convincing evidence to the contrary, which he has not identified, Barksdale is bound by his representations during the guilty plea colloquy and the Truth-in-Sentencing Guilty Plea Form.[8]

---

[3] *Chavous v. State*, 953 A.2d 282, 285 (Del. 2008).
[4] Super. Ct. Crim. R. 32(d).
[5] *Scarborough v. State*, 938 A.2d 644, 649 (Del. 2007).
[6] *State v. Barksdale*, 2015 WL 5676895, at *5.
[7] *Id.* at *4-5.
[8] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

4

(9) The Superior Court next found that Barksdale's reference to inconsistencies in the prosecution's case did not establish a basis for him to assert legal innocence.[9] The Superior Court also rejected Barksdale's claim that he did not have adequate legal counsel, finding that the record showed Former Counsel had a clear understanding of the State's case and negotiated a beneficial plea for Barksdale that reduced his sentencing risk from 122 years in prison or multiple life sentences to a twelve year minimum sentence, with an agreement by the State not to recommend more than twenty years of non-suspended prison time.[10] The Superior Court further noted that Barksdale represented in his guilty plea colloquy and Truth-in-Sentencing Guilty Plea Form that he was satisfied with Former Counsel's representation.[11] Finally, the Superior Court found that granting the motion to withdraw would prejudice the State because it would have to reinvest substantial time preparing for a trial that would involve a large number of witnesses, including forensic experts, local and federal law enforcement, and cooperating co-defendants.[12] Having carefully reviewed the parties' positions on appeal and the record below, we conclude that the Superior Court did not err in denying the motion to withdraw.

---

[9] *State v. Barksdale*, 2015 WL 5676895, at *5.
[10] *Id.* at *5-6.
[11] *Id.* at *6.
[12] *Id.* at *6-7.

(10)  We next turn to Barksdale's ineffective assistance of counsel claims. Barksdale claims his Former Counsel was ineffective because he failed to: (i) file pretrial motions challenging the indictment and charges; (ii) enter his appearance for the first case review; (iii) present a "[p]ossession is nine tenths of the law" defense;[13] (iv) challenge the credibility of Barksdale's co-defendants or obtain supporting evidence from them; (v) file a motion to suppress evidence; (vi) inform Barksdale of certain evidence and produce evidence against Barksdale to prepare for trial; and (vii) explain the full magnitude of the plea.  It is well-settled that this Court will not consider ineffective assistance of counsel claims raised for the first time on direct appeal.[14]  Because these claims were not presented to the Superior Court in the first instance, we will not consider them in this proceeding.

(11)  As to Barksdale's claims that the State committed discovery violations, his co-defendants were more culpable than him, his co-defendants made conflicting statements, and his co-defendants only implicated him due to coercion or favorable plea offers, it well-settled that a voluntary guilty plea like Barksdale's plea constitutes a waiver of alleged defects or errors occurring before entry of the plea.[15] Finally, the prosecutor's misidentification at Barksdale's sentencing of the

---

[13] Point 15 at Exhibit B to Appellant's Brief under Rule 26(c).
[14] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).
[15] *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003)).

6

apartment complex where the crimes occurred does not constitute an arguably appealable issue.

(12) Having carefully reviewed the record, we conclude that Barksdale's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Barksdale could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ Randy J. Holland
Justice

7