IN THE SUPREME COURT OF THE STATE OF DELAWARE

CLIFFORD WRIGHT, § 
§ No. 570, 2016
Defendant Below- §
Appellant, §
§
v. § Court Below—Superior Court
§ of the State of Delaware
STATE OF DELAWARE, §
§ Cr. ID 0801010328
Plaintiff Below- §
Appellee. §

Submitted: March 10, 2017
Decided: May 12, 2017

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 12th day of May 2017, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    The appellant, Clifford Wright, filed this appeal from the Superior Court's order, dated November 2, 2016, denying his second motion for postconviction relief. We find no merit to Wright's appeal. Thus, we affirm the Superior Court's judgment.

(2)    A Superior Court jury convicted Wright in 2010 of four counts of first degree murder and multiple related offenses. The Superior Court sentenced Wright to life imprisonment.[1]  After remanding the matter to the Superior Court to rule on his motion for new trial, this Court affirmed Wright's convictions and

---

[1] *State v. Wright*, 2010 WL 746240 (Del. Super. Mar. 5, 2010).

sentences on direct appeal.[2]  Thereafter, Wright sought to pursue postconviction relief under Superior Court Criminal Rule 61.  On August 23, 2012, Wright filed a motion requesting the appointment of counsel.  The Superior Court granted that motion on October 3, 2012 and appointed counsel on October 17, 2012.  On October 18, 2012, Wright filed a *pro se* motion under Rule 61, raising five issues.[3]  Postconviction counsel filed an amended and superseding motion on Wright's behalf on August 1, 2015.  The amended motion raised one claim that trial counsel was ineffective for failing to investigate and present evidence to rebut the testimony of two witnesses regarding the murder weapon.

(3)    After receiving the State's response, the Superior Court denied Wright's motion for postconviction relief.[4]  Both the State's response and the Superior Court's order addressed the sole issue raised in the amended motion filed by Wright's counsel.[5]  On appeal, this Court affirmed the denial of postconviction relief.[6]

---

[2] *Wright v. State*, 2011 WL 5052185 (Del. Oct. 24, 2011).

[3] Wright's *pro se* motion asserted that: (i) he was denied his right to a speedy trial; (ii) the evidence at trial was insufficient to prove the murder weapon as charged in the indictment; (iii) the evidence at trial was insufficient to prove that Wright committed burglary; (iv) he was denied the right to confront witnesses after the prosecutor improperly buttressed the testimony of a State witness in rebuttal; and (v) his trial counsel was ineffective for attempting to obtain certain telephone records and for introducing a bat as a potential murder weapon.

[4] *State v. Wright*, 2015 WL 648818 (Del. Super. Feb. 12, 2015).

[5] This was entirely proper because as long as a defendant is represented by counsel, as Wright was in this case, any *pro se* motion is a legal nullity unless and until it is endorsed by counsel. *Chavous v. State*, 953 A.2d 282, 286 (Del. 2008).

[6] *Wright v. State*, 2016 WL 286828 (Del. Jan. 22, 2016).

(4) Wright filed his second motion for postconviction relief on July 15, 2016. Wright raised the same five claims that he sought to argue in the *pro se* motion for postconviction relief he filed in the first Rule 61 proceedings. Additionally, Wright alleged that his appointed postconviction counsel was ineffective for failing to raise his five *pro se* claims in the first Rule 61 proceedings.

(5) The Superior Court denied Wright's second motion for postconviction relief, finding that all of Wright's claims were procedurally barred.[7] Specifically, the Superior Court found that Wright's speedy trial claim was barred by Rule 61(i)(1), (i)(2), and (i)(3). Additionally, the Superior Court concluded there was no merit to the claim. The Superior Court found that Wright's sufficiency of the evidence claim regarding the murder weapon was barred by Rule 61(i)(1) and (i)(3) and also was barred by (i)(4) because the claim had been raised and rejected in Wright's motion for new trial and on direct appeal. The Superior Court found that Wright's claim that the evidence was insufficient to prove he burglarized the female victim's house was barred by Rule 61(i)(1), (i)(2), and (i)(4) and also lacked merit because there was sufficient circumstantial evidence for the jury to

---

[7] The Superior Court correctly applied the version of Rule 61 that was in effect when Wright filed his second postconviction motion in 2016. *See Turnage v. State*, 2015 WL 6746644 (Del. Nov. 4, 2015). Rule 61(i) bars the Superior Court's consideration of any postconviction claim that: (1) was not filed within one year after the judgment of conviction became final; (2) was not raised in a first postconviction motion; (3) was not raised in the proceedings leading to the judgment of conviction unless the defendant can establish cause and prejudice; and (4) was formerly adjudicated. Under Rule 61(i)(5), these bars do not apply to a claim that the Superior Court lacked jurisdiction or to any claim where the movant pleads with particularity that new evidence exists of his innocence in fact or that a new, retroactive rule of constitutional law applies to his case and renders his convictions invalid.

find Wright guilty of burglary beyond a reasonable doubt. The Superior Court found that Wright's claims of prosecutor misconduct and ineffective assistance of trial counsel were barred by Rule 61(i)(1), (i)(2) and (i)(4). Finally, the Superior Court found that Wright's claim of ineffective assistance of postconviction counsel was procedurally barred and lacked merit for all of the reasons the court stated in its analysis of the underlying issues.

(6) After careful consideration of the parties' briefs on appeal, the Court concludes that the judgment below should be affirmed on the basis of the Superior Court's well-reasoned decision dated November 2, 2016. The Superior Court did not err in concluding that the appellant's second motion for postconviction relief was procedurally barred and that the motion failed to overcome the procedural hurdles.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

4