IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| QUINTIN MULDROW, | § | |
| | § | |
| Defendant Below, | § | No. 376, 2015 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1310002191 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 17, 2016
Decided: August 23, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## <u>ORDER</u>

This 23rd day of August 2016, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1) In February 2014, the appellant, Quintin Muldrow, was charged by indictment with three counts of Burglary in the Second Degree and three counts of Theft. The charges arose from three different burglaries. On September 16, 2014, after five witnesses testified at trial, Muldrow pled guilty to one count of Burglary in the Second Degree and one count of Burglary in the Third Degree as a lesser included offense of Burglary in the Second Degree. The State agreed to enter a

*nolle prosequi* on the remaining charges and to cap its recommendation for non-suspended Level V time to six years.

(2) On September 29, 2014, Muldrow filed a *pro se* motion to withdraw his guilty plea. On October 1, 2014, Muldrow moved to discharge his counsel. In an order dated October 10, 2014, the Superior Court denied Muldrow's motion to withdraw his guilty plea. After a hearing on October 14, 2014 regarding Muldrow's motion to discharge his counsel and his competency to represent himself, the Superior Court allowed Muldrow's counsel to withdraw and held that Muldrow could represent himself.

(3) On November 12, 2014, Muldrow filed another motion to withdraw his guilty plea, which the Superior Court denied on November 25, 2014. On December 8, 2014, Muldrow filed a motion to dismiss the charges in the indictment. On January 12, 2015, Muldrow filed a motion to vacate counts of the indictment and to compel production of photo line-ups. The Superior Court denied the motion to vacate and to compel in an order dated April 13, 2015.

(4) On June 19, 2015, at the sentencing hearing, the Superior Court denied Muldrow's motion to dismiss. After Muldrow repeated his arguments in support of withdrawal of his guilty plea, the Superior Court again found his guilty plea was knowing, intelligent, and voluntary. Muldrow was sentenced as follows: (i) for Burglary in the Second Degree, five years of Level V incarceration,

suspended after three years for eighteen months of Level III probation; and (ii) for Burglary in the Third Degree, three years of Level V incarceration. This appeal followed.

(5) On October 26, 2015, Muldrow filed a motion to appoint counsel. This Court appointed counsel ("Counsel") to represent Muldrow in this appeal. On May 25, 2016, Counsel filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)"). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Muldrow of the provisions of Rule 26(c) and provided Muldrow with a copy of the motion to withdraw and the accompanying brief.

(6) Counsel also informed Muldrow of his right to identify any points he wished this Court to consider on appeal. Muldrow has raised several issues for this Court's consideration. The State has responded to the issues raised by Muldrow and asked this Court to affirm the Superior Court's judgment.

(7) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an

3

adversary presentation.[1]  In his points, Muldrow argues that: (i) the Superior Court erred in denying his post-guilty plea motion to compel the production of the original photo line-ups shown to one of the burglary victims and three witnesses; and (ii) the Superior Court erred in denying his motions to withdraw his guilty plea because the State violated *Brady v. Maryland*[2] and *Brady v. United States*[3] by failing to produce the exculpatory photo line-ups.  Because Muldrow's guilty plea is central to the resolution of both of these claims, we first address the Superior Court's denial of Muldrow's motions to withdraw his guilty plea.

(8)	This Court reviews the denial of a motion to withdraw a guilty plea for abuse of discretion.[4]  The defendant bears the burden of showing a fair and just reason to permit withdrawal of his plea.[5]  A judge should permit withdrawal of a plea only if the judge determines that "the plea was not voluntarily entered or was entered because of misapprehension or mistake of defendant as to his legal rights."[6]

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).
[2] 373 U.S. 83, 87 (1963) (holding that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment").
[3] 397 U.S. 742, 750-57 (1970) (holding a voluntary guilty plea of guilty does not become vulnerable due to later judicial decisions, while recognizing that agents of the State may not produce a plea by actual or threatened physical harm or by mental coercion overbearing the will of the defendant).
[4] *Chavous v. State*, 953 A.2d 282, 285 (Del. 2008).
[5] Super. Ct. Crim. R. 32(d).
[6] *Scarborough v. State*, 938 A.2d 644, 650 (Del. 2007) (quoting *State v. Insley*, 141 A.2d 619, 622 (Del. 1958)).

4

(9)     The record reflects that Muldrow's guilty plea was knowing, intelligent, and voluntary.  During the guilty plea colloquy, Muldrow affirmed that he had reviewed the Truth–In–Sentencing Guilty Plea form with his counsel, he wished to plead guilty to Burglary in the Second Degree and Burglary in the Third Degree, he freely and voluntarily admitted that he committed these crimes, he understood he was giving up certain constitutional rights by pleading guilty, and he was satisfied with his counsel's representations.  Absent clear and convincing evidence to the contrary, Muldrow is bound by his representations during the guilty plea colloquy and the Truth-in-Sentencing Guilty Plea Form.[7]

(10)    The record does not support Muldrow's claim that his guilty plea was involuntary because the State failed to produce original, exculpatory photo line-ups shown to one of the burglary victims and three witnesses for that burglary.  At a May 2014 suppression hearing, two police officers testified that a photo line-up was shown to two witnesses and neither witness recognized anyone in the photo line-up.  The police did not show the photo line-up to the victim because she stated that she would not be able to identify the person who she found robbing her apartment.  The State produced copies of the photos in the line-up to Muldrow.

(11)    Muldrow's speculation that there were additional photo line-ups and that production of the original photo line-ups would somehow exculpate him does

---

[7] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

5

not render his guilty plea involuntary. Muldrow knew months before his guilty plea that the police interviewed multiple witnesses and that the two witnesses who were shown a photo line-up did not recognize anyone in the line-up. Under these circumstances, the Superior Court did not err in denying Muldrow's motions to withdraw his guilty plea. As to Muldrow's contention that the Superior Court erred in denying his motion to compel production of the original photo line-ups, a voluntary and intelligent plea, like Muldrow's, constitutes a waiver of alleged defects or errors occurring before entry of the plea.[8]

(12)  Having carefully reviewed the record, we conclude that Muldrow's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Muldrow could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[8] *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003)).