# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL WIGGINS, | § | |
| | § | |
| Defendant Below, | § | No. 316, 2016 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1412002182 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 13, 2017
Decided: May 22, 2017

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 22nd day of May 2017, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1) In March 2015, a New Castle County grand jury charged the appellant, Michael Wiggins, with multiple drug and weapon charges. On December 8, 2015, Wiggins pled guilty to Drug Dealing (Tier 4—Heroin), Possession of a Firearm During the Commission of a Felony ("PFDCF"), and Conspiracy in the Second Degree. The State agreed to enter a *nolle prosequi* on the remaining charges, to cap its recommendation for non-suspended Level V time to ten years, and to not oppose

a motion for reduction of sentence to eight years if Wiggins completed a GED program while he was incarcerated.

(2) On January 19, 2016, Wiggins filed a *pro se* motion to withdraw his guilty plea. After a March 11, 2016 hearing with the Superior Court, Wiggins' counsel filed a motion to withdraw Wiggins' guilty plea on April 15, 2016. The State filed its opposition to the motion on May 10, 2016. After a hearing on the motion to withdraw, the Superior Court denied the motion on May 20, 2016. The Superior Court sentenced Wiggins as follows: (i) for Drug Dealing (Tier 4—Heroin), twenty-five years of Level V incarceration, suspended after five years for decreasing levels of supervision; (ii) for PFDCF, five years of Level V incarceration; and (iii) for Conspiracy in the Second Degree, two years of Level V incarceration, suspended for decreasing levels of supervision. This appeal followed.

(3) Counsel filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)"). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Wiggins of the provisions of Rule 26(c) and provided Wiggins with a copy of the motion to withdraw and the accompanying brief.

(4) Counsel also informed Wiggins of his right to identify any points he wished this Court to consider on appeal. Wiggins has raised several issues for this

2

Court's consideration. The State has responded to the issues raised by Wiggins and asked this Court to affirm the Superior Court's judgment.

(5)     When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]  In his points, Wiggins argues that: (i) the Superior Court judge made comments at the March 11, 2016 hearing reflecting his bias against Wiggins; (ii) the State incorrectly stated in its opposition to the motion to withdraw that the key to a Dodge Charger parked outside of Wiggins' motel room and containing drugs and weapons was found in Wiggins' motel room; (iii) the DNA evidence did not specifically show his DNA was found on a gun; and (iv) he could not establish legal innocence for withdrawal of his guilty plea because he did not receive his Rule 9. [2]

(6)     Wiggins did not raise his claim of judicial bias in the Superior Court proceedings so we review for plain error.[3]  Plain error is error that is apparent on the

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).
[2] It is unclear what Wiggins is arguing.  Superior Court Criminal Rule 9 governs the issuance, execution, and return of a warrant or summons after indictment.
[3] Supr. Ct. R. 8; *Brown v. State*, 897 A.2d 748, 753 (Del. 2006).

3

face of the record and is so fundamental and serious that it affected the outcome of the proceedings.[4] "To be disqualified the alleged bias or prejudice of the judge 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'"[5]

(7)     At the March 11, 2016 hearing, the Superior Court judge, who accepted Wiggins' guilty plea and who presided over the cases of Wiggins' co-defendants, questioned whether Wiggins could satisfy the innocence element of a motion to withdraw.   In deciding a motion to withdraw a guilty plea, the Superior Court considers whether: (i) there was a procedural defect in the plea colloquy; (ii) the defendant knowingly and voluntarily consented to the plea agreement; (iii) the defendant has a basis to assert legal innocence; (iv) the defendant had adequate legal counsel; and (v) granting the motion would prejudice the State or unduly inconvenience the Court.[6]  The Superior Court judge's questions regarding whether Wiggins could assert a successful motion to withdraw and his ultimate denial of the motion were based on his participation in the case, not an extrajudicial source.

(8)     Neither of the cases cited by Wiggins—*State v. Carletti*[7] and *Gattis v. State*[8]–support  his claim of judicial bias.  In *Carletti*, the Superior Court held a

---

[4] *Roy v. State*, 62 A.3d 1183, 1191 (Del. 2012).
[5] *Los v. Los*, 595 A.2d 381, 384 (Del. 1991) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)).
[6] *Scarborough v. State*, 938 A.2d 644, 649 (Del. 2007).
[7] 2011 WL 6157469 (Del. Super. Ct. Dec. 9, 2011).
[8] 955 A.2d 1276 (Del. 2008).

4

Superior Court Commissioner's comments in a report recommending denial of the defendant's motion for postconviction relief were based on her participation in the case, not an extrajudicial source, and did not support a claim of bias.[9] In *Gattis*, this Court held the Superior Court judge did not err in denying the defendant's motion to disqualify herself.[10] The record does not reflect any bias by the Superior Court judge in his handling of Wiggins' motion to withdraw. There is no plain error here.

(9) We construe Wiggins' remaining claims as challenges to the Superior Court's denial of his motion to withdraw his guilty plea. This Court reviews the denial of a motion to withdraw a guilty plea for abuse of discretion.[11] The defendant bears the burden of showing a fair and just reason to permit withdrawal of his plea.[12]

(10) The Superior Court did not err in denying Wiggins' motion to withdraw his guilty plea, which was based on Wiggins' claim that he felt pressured by the State to plead guilty. The record reflects that Wiggins' guilty plea was knowing, intelligent, and voluntary. During the guilty plea colloquy, Wiggins affirmed that he had reviewed the Truth–In–Sentencing Guilty Plea form with his counsel, he was guilty of Drug Dealing (Tier 4—Heroin), PFDCF, and Conspiracy in the Second Degree, he understood he was waiving certain rights, and no one threatened or forced

---

[9] 2011 WL 6157469, at *2.
[10] 955 A.2d at 1285-86.
[11] *Chavous v. State*, 953 A.2d 282, 285 (Del. 2008).
[12] Super. Ct. Crim. R. 32(d).

5

him to plead guilty. Absent clear and convincing evidence to the contrary, Wiggins is bound by his representations in the Truth-in-Sentencing Guilty Plea Form and the guilty plea colloquy.[13]

(11) As to the State's alleged misstatement that the key to a Dodge Charger parked outside of Wiggins' motel room and containing drugs and weapons was found in Wiggins' motel room, this claim was not raised below and there is no indication in the record that the Superior Court relied on this statement in concluding that Wiggins did not have a basis to assert legal innocence. The Superior Court concluded Wiggins did not have a basis to assert legal innocence based upon video surveillance and DNA evidence. Wiggins claims on appeal that the DNA evidence did not specifically show his DNA was on the gun, but at the motion to withdraw hearing Wiggins' counsel stated that Wiggins was not claiming the gun did not belong to him or that his DNA was not on the gun. As to Wiggins' claim he could not support a claim of legal innocence without reviewing his Rule 9, he fails to explain how this would have supported his legal innocence argument. The Superior Court considered the appropriate factors for withdrawal of a guilty plea and did not err in denying Wiggins' motion to withdraw his guilty plea.

(12) Having carefully reviewed the record, we conclude that Wiggins' appeal is wholly without merit and devoid of any arguably appealable issue. We

---

[13] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Wiggins could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:


*/s/ Collins J. Seitz, Jr.*
Justice