# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,     )
    )
    Plaintiff,     )
    )
    v.     )
    )     ID. No. 2406003020
    )
    )
RANDALL B. BOYLES, JR.     )
    )
    Defendant.     )

Submitted: October 18, 2025
Decided: January 30, 2026

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED

Matthew A. Casale, Esquire, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, Attorney for the State.

Defendant Randall B. Boyles, Jr., Howard R. Young Correctional Institute, Wilmington, Delaware, *pro se*.

SALOMONE, Commissioner

This 30th day of January, 2026, upon consideration of the Motion for Postconviction Relief filed by Defendant Randall B. Boyles, Jr. ("Defendant" or "Boyles");[1] the Affidavit in Response to Defendant's Motion for Postconviction Relief filed by defense counsel;[2] the State's Response to Defendant's Motion for Postconviction Relief;[3] and the record in this matter, the following is my Report and Recommendation.

## FACTS AND PROCEDURAL HISTORY

On June 7, 2024, at 12:34 am, New Castle City police officers patrolling the area of Wilmington Road observed a silver 2011 Mercedes CLS failing to maintain a lane and breaking erratically.[4] After initiating a traffic stop, the police discovered two occupants, identifying the driver as Boyles.[5] While requesting Defendant's driver's license, registration and insurance, officers observed Boyles' eyes to be blood-shot and glassy.[6] Further, Defendant's speech was slurred, and his breath

---

[1] Docket Item 22. For purposes of this Report and Recommendation, all docket item references relate to Superior Court Criminal Docket, *State v. Boyles*, Case No. 2406003020 (hereinafter, "D.I. ____").
[2] D.I. 29.
[3] D.I. 33.
[4] Adult Complaint and Warrant In the Justice of the Peace Court in and for The State of Delaware, *State of Delaware v. Randall B. Boyles, Jr.*, Case Number 24-06-003020, Exhibit B.
[5] *Id.*
[6] *Id.*

produced a strong odor of alcohol.[7]  While speaking to Defendant, the police officers noticed a handgun-shaped object concealed in his pocket.[8]

Upon a search of Defendant's person, officers located a Glock 23 handgun, which was loaded with ten rounds of ammunition.[9]  Defendant was then transported to the New Castle City Police Department to undergo further field sobriety testing.[10] Standardized testing revealed Defendant to be under the influence.[11]  A search warrant for his blood was obtained within four hours, and his blood alcohol content was determined to be 0.21.[12]  Pursuant to inquiries made with respect to the traffic stop, the police discovered that Defendant had an active Protection From Abuse Order against him and prior felony convictions, all of which prohibited him from possessing a firearm.[13]  In addition, officers learned that Defendant had four previous DUI convictions, with the most recent in 2022 resulting in a sixty month revocation of his license.[14]

On July 1, 2024, a grand jury indicted Boyles for (i) Driving a Vehicle While Under the Influence of Alcohol ("DUI"), (ii) Carrying a Concealed Deadly Weapon ("CCDW"), (iii) Possession of a Firearm by a Person Prohibited, (iv) Possession of

---

[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] D.I. 33.
[13] *Id.*
[14] *Id.*

Ammunition by a Person Prohibited, (v) Possession of a Firearm While Under the Influence, (vi) Driving a Vehicle While Suspended or Revoked, and (vii) Failure to Maintain Lane.[15] On August 1, 2024, the State provided Boyles' defense counsel with discovery, which outlined the four previous DUI convictions Boyles' incurred from 2006, 2014, 2017, and 2022.[16] Thereafter, the State discovered a fifth DUI conviction from the Court of Common Pleas in 2015, which was provided to defense counsel in a subsequent letter dated August 5, 2024.[17]

Defendant's first case review was held on August 19, 2024, at which time Boyles expressed confusion regarding the number of previous DUI convictions being asserted by the State.[18] In a letter, dated August 20, 2024, defense counsel clarified for Boyles that his current DUI charge was, in fact, Defendant's sixth.[19] Additionally, the correspondence conveyed that defense counsel would schedule a meeting to review body worn camera footage, explained the possible sentence Defendant faced if convicted, and confirmed counsel would file a motion for reconsideration of bail on Boyles' behalf.[20]

---

[15] D.I. 7, Indictment.
[16] D.I. 11; *See also* D.I. 29, Exhibit B.
[17] D.I. 14, *See also* D.I. 29, Exhibit B.
[18] D.I. 15, *See also* D.I. 29, Exhibit B.
[19] D.I. 29, Exhibit B.
[20] *Id.*

4

At his final case review on October 14, 2024, Defendant pleaded guilty to DUI 6th and CCDW.[21] The remaining charges were *nolle prossed*.[22] On the same day, the Court sentenced Boyles to the agreed upon joint recommendation of eight years of Level V incarceration, suspended after a minimum mandatory sentence of two years for eighteen months at Level II probation for the DUI 6th conviction, as well as eight years of Level V incarceration, suspended after a minimum mandatory sentence of sixth months for eighteen months at Level II probation for the CCDW conviction.[23] Level V time was ordered to run consecutively and probation to run concurrently.[24] Boyles did not appeal his conviction.

On March 4, 2025, Boyles filed a *pro se* Motion for Postconviction Relief.[25] On April 28, 2025, this Court ordered defense counsel to submit an affidavit in response to the factual allegations of ineffective assistance of counsel raised by Defendant.[26] The same day, the Court ordered the Department of Justice to file a legal memorandum in response to Defendant's asserted claims.[27] On June 25, 2025, defense counsel submitted his affidavit in response to Defendant's claims.[28] On

---

[21] D.I. 20, Plea Agreement.
[22] *Id.*
[23] D.I. 21, D.I. 33, Final Case Review Transcript, dated October 14, 2024, at 21 (hereinafter referred to as "Final Case Review at__").
[24] D.I. 21, D.I. 33, Final Case Review at 21.
[25] D.I. 22.
[26] D.I. 26, *See also* Super. Ct. Crim. R. 61 (g)(2).
[27] *Id.*
[28] D.I. 28.

September 17, 2025, Defendant submitted a letter to the Court in which he explained that he had not received a copy of defense counsel's affidavit, nor the State's response, and reasserted his claims as set forth in his postconviction motion.[29] On September 18, 2025, the State filed its response to Defendant's Motion for Postconviction Relief.[30] Defendant had until October 18, 2025 to file a Reply, but chose not to do so. The matter is now ripe for decision.

### DEFENDANT'S CLAIMS FOR POSTCONVICTION RELIEF

In his *pro se* Motion for Postconviction Relief, Boyles raises eight claims for relief.[31] He asserts seven claims of ineffective assistance of counsel alleging that defense counsel was ineffective for (i) failing to consult Defendant regarding the strengths and weaknesses of his defenses, (ii) coercing Defendant to forgo trial and threatening to withdraw if Defendant did not accept the State's offer, (iii) failing to respond to Defendant's questions regarding (a) the arresting officer's status on the Department of Justice *Brady* violations list, (b) availability and reliability of the dashcam footage, and (c) requirements for utilizing dashcam under Delaware law, (iv) refusing Defendant's request to file a motion to suppress regarding the traffic stop, (v) acting only as a liaison for the State to have Defendant improperly plead guilty to a 6th DUI offense (claiming there was a mistake in his conviction records),

---

[29] D.I. 31.
[30] D.I. 33.
[31] D.I. 22.

(vi) denying Defendant's request to pursue concurrent sentences for the two charges to which he plead, and (vii) not properly explaining the terms of the plea agreement, which Defendant asserts was misleading and ambiguous.[32]

In addition to the claims for ineffective assistance of counsel, Boyles argues that he was prejudiced by "the DAG improperly amending the charging documents to enhance sentencing without proper procedure. Thus, creating a 6th Amendment violation, changing from Class E to D."[33] For the reasons discussed below, Boyles' claim regarding improper amendment of his charging documents is procedurally barred and his ineffective assistance of counsel claims were waived upon entry of his guilty plea.

## APPLICABLE LAW GOVERNING POSTCONVICTION RELIEF

**Rule 61 and Procedural Bars to Relief**

Superior Court Criminal Rule 61 ("Rule 61") governs the procedures by which an incarcerated individual may seek to have his conviction set aside on the ground that the court lacked jurisdiction or any other ground that is a sufficient factual and legal basis for a collateral attack upon the conviction.[34] That is, it is a means by which the court may correct Constitutional infirmities in a conviction or

---

[32] *Id.*
[33] *Id.*
[34] Super. Ct. Crim. R. 61(a)(1).

sentence.[35] "Rule 61 is intended to correct errors in the trial process, not allow defendants unlimited opportunities to relitigate their convictions."[36]

Given that intent, before considering the merits of any claims for postconviction relief, the Court must first determine whether there are any procedural bars to Defendant's postconviction motion.[37] Rule 61(i) establishes four procedural bars to postconviction relief.[38] Rule 61(i)(1) prohibits the Court from considering a motion for postconviction relief unless it is filed within one year after the judgment of conviction is final.[39] Rule 61(i)(2) bars successive motions for postconviction relief unless certain conditions are met.[40]

Rule 61(i)(3) provides that "any ground for relief not asserted in the proceedings leading to the judgment of conviction" is barred, unless the movant shows (a) cause for relief from the procedural default, and (b) prejudice from the violation of movant's rights.[41] Rule 61(i)(4) provides that "any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred."[42] However, ineffective assistance of

---

[35] *Harris v. State*, 410 A.2d 500 (Del. 1970).
[36] *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013).
[37] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[38] Super. Ct. Crim. R. 61(i)(1)-(4).
[39] Super. Ct. Crim. R. 61(i)(1).
[40] Super. Ct. Crim. R. 61(i)(2).
[41] Super. Ct. Crim. R. 61(i)(3).
[42] Super. Ct. Crim. R. 61(i)(4).

counsel claims cannot be raised at any earlier stage in the proceedings and are properly presented by way of a motion for postconviction relief.[43] Lastly, the aforementioned bars to relief do not apply either to a claim that the Court lacked jurisdiction or to a claim that satisfies the pleading requirements of Rule 61(d)(2)(i)-(ii).[44]

Boyles pleaded guilty on October 14, 2024 and filed his *pro se* Motion for Postconviction Relief on March 4, 2025.[45] Having not appealed, his judgment of conviction became final on November 13, 2024, thirty days after his sentence was imposed. As such, his postconviction motion was timely filed within one year after his judgment of conviction was final and is not procedurally barred by Rule 61(i)(1). Nor is his postconviction motion barred for being repetitive pursuant to Rule 61(i)(2) as this is his first postconviction motion. Although timely filed, one of Boyles' postconviction claims is procedurally barred pursuant to Rule 61(i)(3).

Of Boyles eight claims for postconviction relief, one alleges a violation of procedural due process by the State. Specifically, Boyles contends the State "improperly amend[ed] the charging document to enhance sentencing without

---

[43] *Sabb v. State*, 2021 WL 2229631, at *1 (Del. Super. May 28, 2021); *Green v. State*, 238 A.3d 160, 187-88 (Del. 2020); *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Super. Apr. 28, 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).
[44] Super. Ct. Crim. R. 61(i)(5). Defendant does not assert that this Court lacks jurisdiction or a claim that would satisfy Rule 21(d)(2)(i) or (ii).
[45] D.I. 20, 22.

proper procedure."[46] Such a claim should have been raised on appeal. Having failed to do so, Boyles must demonstrate cause for relief from the procedural default and a prejudicial effect for the Court to consider this claim.[47] He has done neither. Rather, he simply asserts that he was prejudiced by the State's actions with nothing more. Even if Defendant had shown cause for relief from the Rule 61(i)(3) procedural bar, his argument is without merit.

Boyles suggests his due process rights were violated when the State amended the charging documents because the State failed to file a motion to pursue sentencing pursuant to 21 *Del. C.* §4177(d)(11).[48] This argument, however, evidences a fundamental misunderstanding of the statute. 21 *Del. C.* §4177(d)(11) provides as follows:

> A person who has been convicted of prior or previous offenses of this section, as defined in § 4177B(e) of this title, need not be charged as a subsequent offender in the complaint, information or indictment against the person in order to render the person liable for the punishment imposed by this section on a person with prior or previous offenses under this section. However, if at any time after conviction and before sentence, it shall appear to the Attorney General or to the sentencing court that by reason of such conviction and prior or previous convictions, a person should be subjected to paragraph (d)(3), (d)(4), (d)(5), (d)(6) or (d)(7) of this section, the Attorney General

---

[46] D.I. 22, *See also* D.I. 33 (In Defendant's response to defense counsel and the State's response, Boyles expands on his arguments regarding the charging documents and specifically outlines his legal argument for violation of due process.)

[47] Super. Ct. Crim. R. 61(i)(3)(A)-(B); *See State v. Gordon*, 2011 WL 5592585 at *4 (Del. Super. Ct. November 15, 2011).

[48] 21 *Del. C.* 4177(d)(11).

shall file a motion to have the defendant sentenced pursuant to those provisions. If it shall appear to the satisfaction of the court at a hearing on the motion that the defendant falls within paragraph (d)(3), (d)(4), (d)(5), (d)(6) or (d)(7) of this section, the court shall enter an order declaring the offense for which the defendant is being sentenced to be a felony and shall impose a sentence accordingly.[49]

Accordingly, 21 *Del. C.* §4177(d)(11) authorizes the State to pursue enhanced DUI sentencing "at any time after conviction and before sentence " if, "by reason of such conviction and prior or previous convictions, a person should be subjected" to such sentencing.[50] In this case, Defendant pled guilty to his 6th DUI after the State revealed in discovery that he had five previous DUI convictions[51] and defense counsel confirmed and explained the five previous DUI convictions to Boyles in correspondence dated August 20, 2024.[52] The hearing which Defendant argues he was entitled to was not applicable as there was no period of time "after conviction and before sentencing." He was convicted by virtue of his plea and sentenced the same day.[53] Therefore, even if Defendant had shown cause for relief from the procedural default, the argument is simply without merit.[54]

---

[49] *Id.*

[50] *Id.*

[51] D.I. 15, *See also* D.I. 33.

[52] D.I. 29, Exhibit B.

[53] D.I. 20.

[54] The Court notes that at times through his filings Boyles seems to suggest that the failure to raise his due process claim was due to the ineffectiveness of his counsel. *See* D.I. 22, 33. To the extent Boyles proffers his due process claim as one of ineffective assistance of counsel, he waived it for the reasons discussed herein.

**All of Boyles' Claims Have Been Waived**

Notwithstanding the procedural bar and lack of merit regarding Defendant's due process claim, Boyles waived the foregoing claim as well as any claims he had for ineffective assistance of counsel upon rendering his guilty plea.

To prevail on a claim for ineffective assistance of counsel, a defendant must satisfy the two-prong test set forth in *Strickland v. Washington*.[55] This test requires that a defendant demonstrate that (a) his counsel's performance was deficient and (b) that said deficiency prejudiced him.[56]

To establish deficient performance, a defendant must show by a preponderance of the evidence that his attorney's performance "fell below an objective standard of reasonableness" under the prevailing professional norms.[57] That is, he was not reasonably competent.[58] Judicial scrutiny under the first prong is highly deferential. Courts must ignore the distorting effects of hindsight and proceed with a strong presumption that counsel's conduct was reasonable.[59] To establish prejudice, a defendant must show that there exists a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceedings would have been different.[60]

---

[55] *Strickland v. Washington*, 466 U.S. 688 (1984).
[56] *Id.* at 687-88, 694.
[57] *Id.* at 688.
[58] *Id.* at 687-88, 694.
[59] *Id.* at 689.
[60] *Id.* at 694.

When evaluating claims of ineffective assistance of counsel, there is a strong presumption that counsel's conduct fell within a wide range of reasonable professional assistance and constituted sound strategy.[61] Mere allegations of ineffectiveness will not suffice; instead, a defendant must make and substantiate concrete allegations of actual prejudice.[62] In evaluating counsel's performance, the Court must "reconstruct the circumstances of counsel's challenged conduct," and "evaluate the conduct from counsel's perspective at the time."[63]

In the context of a guilty plea, to establish prejudice under *Strickland*, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.[64] A defendant's statements during a plea colloquy are presumed to be truthful,[65] and a defendant "is bound by all the representations…made during [the] plea colloquy" absent clear and convincing evidence that the statements were not made knowingly, voluntarily, and intelligently.[66] Moreover, "a voluntary guilty plea waives a

---

[61] *Id.* at 698; *Gattis v. State*, 697 A.2d 1174, 1184 (Del. 1997).
[62] *Zebroski v. State*, 822 A.2d 1038, 1043 (Del. 2003); *Gattis*, 697 A.2d at 1178-79.
[63] *Strickland*, 466 U.S. at 689.
[64] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).
[65] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).
[66] *Hammons v. State*, 2005 WL 2414271, at *1 (Del. Sep. 28, 2005); *see also State v. Richardson*, 2025 WL 617829, at *3 (Del. Super. Ct. Feb. 20, 2025); *State v. Harden*, 1998 WL 735879, at *5 (Del. Super. Ct. Jan. 13, 1998); *State v. Stuart*, 2008 WL 4868658, at *3 (Del. Super. Ct. Oct. 7, 2008).

defendant's right to challenge any errors or defects before the plea, even those of constitutional dimension."[67]

In the subject action, the Plea Agreement, plea colloquy, and Truth-in-Sentencing Guilty Plea Form indicate that Boyles knowingly, voluntarily, and intelligently entered a guilty plea.[68] During the guilty plea colloquy, Boyles provided sworn testimony that (1) he reviewed and understood the Plea Agreement, Truth-in-Sentencing Guilty Plea Form, and the Immediate Sentencing Form,[69] (2) defense counsel addressed any issues, questions, or concerns that he had,[70] and (3) he had not been threatened or forced to plead guilty.[71] Boyles further represented that he was satisfied with trial counsel's representation,[72] understood the Constitutional rights he was giving up by entering the plea, and admitted his guilt to both charges comprising the Plea Agreement.[73] The Court thereafter found Boyles' plea to be knowing, intelligent, and voluntary.[74]

---

[67] *Smith v. State*, 2004 WL 120530, at *1 (Del. Jan. 15, 2024); *see also Somerville v. State*, 703 A.2d 629, 632 (Del. 1997) ("[A] guilty plea constitutes a waiver of a trial on the charges and a waiver of the constitutional rights to which he or she would have been entitled to exercise at a trial."); *Rodriguez v. State*, 2003 WL 1857547, at *1 (Del. Apr. 7, 2003) (stating that a defendant's guilty plea "eliminates his claim relating to events that occurred before the entry of the plea[.]").
[68] D.I. 20, Final Case Review 7-14.
[69] Final Case Review at 8-12.
[70] *Id.* at 8.
[71] *Id.* at 9.
[72] *Id.* at 11-12.
[73] *Id*. at 10.
[74] *Id.* at 14.

Boyles does not contend that his plea was involuntarily entered. Nor has he presented any clear, contrary evidence to call into question his testimony at the plea colloquy or answers in the Truth-in-Sentencing Guilty Plea Form. Accordingly, Boyles' valid guilty plea waived his right to challenge any alleged errors, deficiencies or defects occurring prior to the entry of his plea, even those of constitutional proportions.[75]

Although the query could conclude at this point, the Court will, nonetheless, address Boyles' individual claims of ineffective assistance of counsel on a substantive basis, each of which has no merit.

First, Boyles alleges defense counsel was ineffective for failing to consult Defendant regarding the strengths and weaknesses of his defense.[76] The record does not support this assertion. Defense counsel's response to Defendant's postconviction motion attaches a letter, dated August 20, 2024, pursuant to which counsel (i) explains the reason Boyles is being charged with a DUI 6th (as opposed to a DUI 5th), (ii) provides Boyles with discovery, (iii) reviews the evidence against Boyles, noting that counsel saw no viable suppression issue for the vehicle stop or

---

[75] *Evans v. State*, 2025 WL 1565409 (Del. Super. Ct. June 2, 2025) (affirming judgment of Superior Court and finding defendant entered his guilty plea knowingly, intelligently, and voluntarily, and therefore waived his claim that counsel failed to investigate and then file a motion to suppress); *Smith v. State*, 2004 WL 120530, at *1 (Del. Jan. 15, 2004); *Somerville v. State,* 703 A.2d 629, 632 (Del. 1997); *Modjica v. State*, 2009 WL 2426675 (Del. Supr. Aug. 10, 2009); *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003).
[76] D.I. 22.

search, and (iv) discusses the potential sentence he was facing."[77] Given the facts of this case, defense counsel could offer little by way of "strengths" and in stating he saw no viable suppression issues he was, in fact, explaining the "weakness" of Defendant's case. Moreover, Boyles fails to articulate how defense counsel's conduct fell below an objective standard of reasonableness or how he suffered prejudice as a result. Rather, Boyles first claim is simply an allegation of ineffectiveness with nothing more -- which is insufficient under *Strickland*.

Second, Defendant claims defense counsel "did infer fear and compulsion…to forgo any formidable defense at trial" and threatened to withdraw if Defendant did not plead guilty.[78] As previously noted, this claim directly contradicts Defendant's statements at Final Case Review, in which Boyles acknowledged that he was not threatened or forced to plead guilty.[79] Boyles cannot now argue to the contrary without evidence to support the notion that his plea was not made voluntarily.

Third, Boyles alleges defense counsel was ineffective for failing to answer his questions including whether (i) the arresting officer was on the "DOJ *Brady* violations list," (ii) the New Castle Police Department was equipped with "dashcam" and had MVR footage, and (iii) if there was a policy which required "dashcam."[80]

---

[77] D.I. 29, Exhibit B.
[78] D.I. 22.
[79] Final Case Review at 9.
[80] D.I. 22.

Pursuant to discovery provided to defense counsel on June 25, 2024, the State noted it was unaware of any information that must be disclosed under *Brady*.[81] The State provided both MVR and body worn camera footage in supplemental discovery on August 1, 2024.[82] In defense counsel's letter to Defendant, dated August 20, 2024, counsel provided police reports, and explained he would set up a meeting to review any body worn camera and MVR video that was available.[83] Based on the foregoing, the record suggests Defendant's questions were in fact addressed by counsel. Furthermore, it does not appear that counsel's responses to Defendant's questions were objectively unreasonable.[84]

Fourth, Boyles asserts defense counsel was ineffective for refusing Defendant's request to file a motion to suppress.[85] Again, in defense counsel's letter to Defendant, dated August 20, 2024, counsel explained that he did not "see a viable suppression issue for the vehicle stop or search."[86] Based on the record, the Court agrees.

Evidence is permissible in any prosecution if it is "legitimately obtained."[87] Had defense counsel filed a motion to suppress, the question before the Court would

---

[81] D.I. 13; *see also* D.I. 33.
[82] D.I. 11; *see also* D.I. 33.
[83] D.I. 29.
[84] *Strickland*, 466 U.S. at 696.
[85] D.I. 22.
[86] D.I. 29, Exhibit B.
[87] *Juliano v. State*, 260 A.3d 619, 626 (Del. 2021).

have been whether the police had a valid reason for the initial stop of Defendant's vehicle. "Police may stop and detain a motorist whom they reasonably suspect of criminal activity, which includes violation of our traffic laws."[88] "A determination of reasonable suspicion must be evaluated in the context of the totality of the circumstances as viewed through the eyes of a reasonable, trained police officer in the same or similar circumstances, combining objective facts with such an officers subjective interpretation of those facts."[89] "In determining if there was reasonable suspicion to justify a detention, the court defers to the experience and training of law enforcement officers."[90] Here, officers observed Defendant braking erratically and failing to maintain a lane,[91] in violation of 21 *Del. C.* §4122.[92] Therefore, a legitimate reason to stop the vehicle was established, and no basis exists to suppress body worn camera footage which recorded the interaction. Further, Defendant's suggestion that he was not of danger to others because there were no other vehicles on the road is without merit, as he had a passenger in his vehicle at the time of the stop.[93]

Defendant has provided the Court with no argument or basis upon which a motion to suppress should have been filed. Considering the facts in this case, filing

---

[88] *Houston v. State*, 251 A.3d 102, 108-09 (Del. 2021) (internal citations omitted).
[89] *Jones v. State*, 745 A.2d 856, 861 (Del. 1999) (internal citations omitted).
[90] *Flowers v. State*, 195 A.3d 18, 27 (Del. 2018) (internal citations omitted).
[91] D.I. 33.
[92] 21 *Del. C.* §4122.
[93] D.I. 22, 33.

a motion to suppress would have been frivolous with virtually no likelihood of succeeding. An attorney does not have an obligation to file frivolous motions; rather, he has an obligation *not* to file frivolous motions.[94] Defense counsel's failure to file a frivolous motion was objectively reasonable and cannot be found to constitute ineffective assistance of counsel. For these reasons, this claim has no merit.

Fifth, Defendant alleges defense counsel was ineffective by acting "as a liaison for the State" to coerce Defendant into pleading guilty to a sixth DUI offense. As noted above, the State provided defense counsel and Defendant with notice of the State's discovery of Boyle's fifth DUI offense in its supplemental discovery on August 5, 2024.[95] In defense counsel's letter to Defendant, dated August 20, 2024, he explains that Defendant's fourth DUI conviction should have been his fifth DUI conviction and that Defendant "received the benefit of never having to serve the sentence for a 5th DUI (3-5 years with a 18 months minimum mandatory) when [he] took the plea to the 4th DUI which should have really been [Defendant's] 5th DUI."[96] Nothing in the record or provided by Boyles demonstrates that defense counsel was

---

[94] *State v. Pandiscio*, 1995 WL 339028, *5 (Del. Super. May 17, 1995), *aff'd,* 670 A.2d 1340, 1995 WL 715627 (Del. Oct. 25, 1995) (Table); *see also* Delaware Lawyers' Rule of Professional Conduct 3.1 which provides that "[a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law."
[95] *See* D.I. 33, D.I. 14.
[96] D.I. 29, Exhibit B.

acting as an instrument or liaison of the State. Moreover, Defendant agreed to the State's description of his prior criminal record on the Immediate Sentencing Form and that he was subject to sentencing for a DUI 6th at the time he entered his voluntary plea.[97] As such, this claim is also without merit.

Sixth, Defendant alleges that defense counsel was ineffective for failing to pursue concurrent sentences for the DUI 6th and CCDW convictions.[98] As the plea agreement indicates, the sentencing recommendation was a joint recommendation by the parties.[99] Boyles as well as defense counsel signed the plea agreement, which manifests his agreement to the terms set forth therein. Were defense counsel to argue for a sentence other than that which was agreed upon would have been a breach of the plea agreement.[100] Additionally, such a pursuit by defense counsel would be a violation of both his ethical duties owed to the Court, as well as professional standards of abiding by the terms of a plea agreement.[101] Moreover, a court's imposition of consecutive sentences, when it has the discretion to do so, does not in

---

[97] D.I. 20.

[98] D.I. 22.

[99] D.I. 20, Final Case Review at 21, D.I. 29, D.I. 33.

[100] *See State v. Colburn*, 2016 WL 3248222, at \*3 (Del. Super. Ct. June 1, 2016); *citing United States v. Williams*, 510 F.3d 516, 521–24 (3d Cir. 2007) (review of a defendant's alleged breach of a plea agreement by failure to abide by agreed-upon sentencing recommendation requires application of basic principles of contract law); *Chavous v. State*, 953 A.2d 282, 286–87 (Del. 2008) (adopting *Williams* standard of review of alleged breach of a plea agreement and noting that standard applies whether it is a defendant or the State that is alleged to have breached it).

[101] *State v. Colburn*, 2016 WL 3248222, at \*3 (Del. Super. Ct. June 1, 2016); *citing United States v. Melendez*, 55 F.3d 130, 136 (3d Cir. 1995) ("When a defendant stipulates to a point in a plea agreement, he 'is not in a position to make ... arguments [to the contrary].' ").

and of itself evidence ineffective assistance of counsel under *Strickland*.[102] Because the parties agreed to the joint recommendation (which was adopted by the Court), and pursuit of alternative sentencing by defense counsel would have been a violation of his ethical obligations, as well as cause for the State's entire withdrawal of the agreement,[103] this claim, too, has no merit.

Finally, Defendant claims that defense counsel was ineffective by failing to explain the terms of the plea agreement, which were "misleading" and "ambiguous."[104] The fact that the sentencing judge is not bound by the sentencing recommendation set forth in the plea agreement does not render the agreement itself ambiguous as Defendant suggests. Boyles' signatures on the Plea Agreement, Truth-In-Sentencing Form, and Immediate Sentencing Form are proof that he understood the terms he was agreeing to, as well as the possible sentencing.[105] Moreover, Defendant testified at the Final Case Review that he understood the terms of each,[106] and the Court accepted his plea only after finding it to be made knowingly, voluntarily, and intelligently.[107] Accordingly, this claim has no merit.

---

[102] *See State v. Guilford*, 2025 WL 2181471, at *11 (Del. Super. Ct. Aug. 1, 2025).
[103] *See State v. Colburn*, 2016 WL 3248222, at *3 (Del. Super. Ct. June 1, 2016); *citing United States v. Hallahan*, 756 F.3d 962, 972–73 (7th Cir. 2014) (defendant's material breach of a plea agreement excuses the government's obligation to recommend the guideline, or government may "elect to terminate the entire agreement or seek to enforce the remainder of the contract").
[104] D.I. 22.
[105] D.I. 20, Plea Agreement, Truth-In-Sentencing Form, Immediate Sentencing Form.
[106] Final Case Review at 8-14.
[107] *Id.* at 14.

# CONCLUSION

For the foregoing reasons, Boyles' Motion for Postconviction Relief should

be **DENIED.**

    **IT IS SO RECOMMENDED.**


_____
The Honorable Janine M. Salomone


oc:    Prothonotary
cc:    Matthew A. Casale, Esquire, Deputy Attorney General
          Timothy J. Weiler, Esquire, Office of Defense Services
          Randall B. Boyles, Jr. (SBI #00198783)